### McSORLEY *v.* FAULKNER *et al.*

(*Common Pleas of New York City and County, Additional General Term.*
June 1, 1891.)

ASSUMPSIT—USE OF TELEPHONE—IMPLIED CONTRACT.

Plaintiff sold out his business, in connection with which he used a telephone, to defendants, who continued it at the same stand. Plaintiff left the telephone in the premises, but there was nothing to show that it was done at defendants' request, or that there was any agreement in relation thereto, or that defendants had ever used the instrument. *Held,* that plaintiff, having contracted for the use of the instrument, should have terminated his liability by notice to the company, and that no promise to pay the monthly charges for the same on the part of defendants could be implied from the fact that it was allowed to remain on the premises.

Appeal from eleventh district court.

Action by Alexander McSorley against James A. Faulkner and another. From a judgment for plaintiff, defendants appeal.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Johnston & Johnston,* for appellants.    *Mooney & Shipman,* for respondent.

BOOKSTAVER, J.   This action was brought to recover the sum of $50, which plaintiff claimed he had laid out and expended for the defendants.   The proof showed that the plaintiff prior to July, 1889, had conducted business at No. 1,151 Ninth avenue, and had used a telephone in connection therewith, under an agreement with the Metropolitan Telephone & Telegraph Company, by which he was to pay them monthly for its use.   In July, 1889, he disposed of that business to the defendants, and moved out of the premises, leaving the telephone behind.   It was not shown that this was done at defendants' request, or that the use of the telephone was necessary to or was conveyed with the business, or that there was any agreement between the parties in relation thereto.   The case is barren of evidence tending to show that the defendants ever used the instrument.   The utmost which can be affirmed of the evidence given is that the telephone was in working order from July until about the 20th of December, 1889, and that it was used for out-of-town purposes on a few occasions; but there is absolutely nothing to show that the defendants so used it.   As far as appears from the record, the plaintiff might at any time have given notice to the company to remove the instrument and thus terminate his liability.   This, through inadvertence or negligence, he failed to do, and consequently the company brought an action against him for its use, which he settled without notice to the defendants for $50, to recover which this action was brought, and for which he recovered judgment.   This judgment cannot be sustained on the ground of any express promise to pay, for none was made.   Nor do I think it can on any implied promise.   While it is true that, when one is compelled by law to pay the debt or obligation of another, he can recover of the delinquent the amount so paid, yet, to entitle him to recover in such case, he must establish both the delinquency and the liability to pay the debt or obligation.   This was not done here.   The plaintiff himself made the original contract with the company.   The defendants were not privy to it, nor did they become so by any act or contract of theirs.   The plaintiff failed to show anything more than that the instrument was left on the premises when he had sold out to the defendants, and that it was in working order, and might have been used by them, and in fact was on occasion used by some one; but the witness who testified this expressly said that she could not tell who used it.   This was not enough to put the defendants to their proof, and the complaint should have been dismissed.   The judgment should be reversed, and a new trial ordered, with costs to abide the event.   Having arrived at this conclusion, it is unnecessary to discuss the other questions raised on the appeal, as they are not likely to arise on any retrial of the case.